**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES D. LASTER, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0280-CAP-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-1465-CAP-RGV |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72.

Let the same be filed and a copy, with a copy of this order, be served upon counsel for

the parties.

Each party may file written objections, if any, to the report and recommendation

within fourteen (14) days after being served with a copy of it.  28 U.S.C. § 636(b)(1).

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to the transcript if applicable) and shall be

served upon the opposing party.  The party filing objections will be responsible for

obtaining and filing the transcript of any evidentiary hearing for review by the district

court.  If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited

to a review for plain error or manifest injustice.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 20th day of June, 2011.

*Russell G. Vineyard*

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| CHARLES D. LASTER, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:07-CR-0280-CAP-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:11-CV-1465-CAP-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter has been referred to the undersigned Magistrate Judge for consideration of movant Charles D. Laster's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 48]. Also pending before the Court are Laster's motion for relief from judgment, [Doc. 45], and petition for a writ of audita quelera, [Doc. 49]. For the reasons that follow, the undersigned finds that the instant § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings ("Rule 4(b)"),[1] and that the motion for relief from judgment, [Doc. 45], and petition for a writ of audita quelera, [Doc. 49], be **DENIED**.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

# I. PROCEDURAL HISTORY

A federal jury convicted Laster of two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).  [Doc. 36].  On May 22, 2008, the Court sentenced Laster to 120 months of imprisonment on each count, to be served concurrently.  [Docs. 42, 43].  On June 4, 2008, the Court entered an amended judgment to correct the spelling of Laster's name.  [Doc. 44].  The judgment remained the same in all other respects.  [Id.].  Laster did not appeal.

Laster signed a pleading entitled "Habeas Corpus Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b) Relief from Judgement or Order" on March 24, 2011.[2]  [Doc. 45].  On April 12, 2011, the Court ordered Laster to either withdraw the motion or agree to its recharacterization as a § 2255 motion by completing and returning a § 2255 form within thirty days.  [Doc. 47 at 5].  On May 2, 2011, Laster filed the pending § 2255 motion, arguing that the Court's jury instructions regarding the use of a weapon were improper because neither the defense nor the prosecution had approved the instructions.  [Doc. 48].  Laster asserts that his § 2255 motion is timely

---

[2]Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing.  Rules Governing § 2255 Proceedings, Rule 3(d), 28 U.S.C. foll. § 2255; see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).  Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it.  Washington, 243 F.3d at 1301.

because it "fits the criteria of the All Writs Act § 1651."[3]  [Id. at 11].  In his supporting

pleading styled "Petition for a Writ of Audita Quelera or in the alternative a Motion

to Vacate, Set Aside, or Correct Sentence and Judgement Pursuant to 28 U.S.C.

§ 2255," Laster contends that he did not discover that the Court had given an improper

jury instruction until after his conviction had become final while he was "researching

his case." [Doc. 49 at 4].  In support of his motion, plaintiff cites the Supreme Court's

rulings in Jones v. United States, 526 U.S. 227 (1999), Apprendi v. New Jersey, 530

U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v.

Booker, 543 U.S. 220 (2005).  [Id. at 2].

## II.  DISCUSSION

As an initial matter, Laster is not entitled to relief under the All Writs Act, 28

U.S.C. § 1651.  "[A] writ of *audita querela* may not be granted when relief is

cognizable under § 2255."  United States v. Holt, 417 F.3d 1172, 1175 (11th Cir.

2005).  See also United States v. Frank, No. 10–13565, 2011 WL 493107, at *1-2 &

n.1 (11th Cir. Feb. 14, 2011) (concluding that federal prisoner challenging the legality

---

[3]Laster further states that he "assumed counsel would file an appeal" and that
counsel was ineffective for failing to do so, [Doc. 48 at 5; Doc. 49 at 2], but he does
not provide any factual detail regarding this assertion, and mere conclusory statements
unsupported by specific allegations or contentions do not raise a constitutional issue
in a habeas case.  Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004);
Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); United States v. Jones, 614
F.2d 80, 82 (5th Cir. 1980).  Accordingly, the undersigned will not address this claim.

3

of his sentence was ineligible for relief under the All Writs Act even though a § 2255

motion would be time-barred).

A § 2255 motion is subject to a statutory one-year limitation period, which runs

from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  In this case, Laster does not dispute that he filed his motion to

vacate more than a year after his convictions became final, as noted by the Court in its

April 12, 2011, Order.  [See Doc. 47 at 4].  Additionally, Laster does not claim that the

circumstances set forth in subparagraph two of § 2255(f) apply.  The Supreme Court

cases on which Laster relies were all decided prior to his 2008 judgment of conviction,

and thus do not make the motion timely under § 2255(f)(3).  Finally, the limitations

period did not commence under § 2255(f)(4) when Laster discovered those cases

because "the discovery of a new court legal opinion, as opposed to new factual

4

information affecting the claim, does not trigger the limitations period." <u>Madaio v. United States</u>, 397 F. App'x 568, 569-70 (11th Cir. 2010).  Therefore, Laster's motion was filed after the expiration of the one-year limitations period.

Even when the limitations period has expired, a movant's "actual innocence" may lift the time bar that otherwise would prevent consideration of his § 2255 claims. <u>See</u> <u>United States v. Montano</u>, 398 F.3d 1276, 1284 (11th Cir. 2005).  To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995).  Laster does not point to any new evidence that demonstrates his actual innocence.

Additionally, "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" <u>Holland v. Florida</u>, ___ U.S. ___, 130 S. Ct. 2549, 2564 (2010).  Laster has not alleged extraordinary circumstances or demonstrated reasonable diligence to excuse the late filing of his § 2255 motion.  Thus, Laster's motion is untimely.

5

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because Laster cannot make "a substantial showing of the denial of a constitutional right" by having his motion to vacate denied as time-barred, the undersigned recommends that he be denied a COA.

6

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 48], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Laster's motion for relief from judgment, [Doc. 45], and petition for a writ of audita quelera, [Doc. 49], be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the assigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 20th day of June, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

7